UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ruth Dhat,<br><br>            Plaintiff,<br>v.<br><br>Macy's, Inc. d/b/a Macy's Credit Card Service,<br><br>            Defendant. | Civil Action No.:  1:15-cv-05251<br><br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Ruth Dhat, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      Plaintiff, Ruth Dhat ("Plaintiff"), is an adult individual residing in Brooklyn, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant Macy's, Inc. d/b/a Macy's Credit Card Service ("Macy's"), is a Delaware business entity with an address of 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.      In or around May 2015, Macy's began calling Plaintiff's cellular telephone, number 347-XXX-9572, from telephone numbers 727-556-5492, 513-573-7978 and 513-754-9841 using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from Macy's, she heard silence before being connected to a live representative.

7. On or about May 16, 2015, Plaintiff spoke with a live representative and requested that Macy's stop calling her cellular telephone.

8. Nevertheless, Macy's continued to place automated calls to Plaintiff's cellular telephone.

**COUNT I**
**VIOLATIONS OF THE TCPA –**
**47 U.S.C. § 227,** *et seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

12. Defendant's telephone system(s) have some earmarks of a predictive dialer.

2

When Plaintiff answered calls from Macy's, she heard silence before Defendant's telephone system would connect her to the next available representative.

13. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. Despite being directing to cease all calls, Defendant continued to place automated telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Defendant was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 10, 2015

          Respectfully submitted,

          By /s/ Sergei Lemberg

          Sergei Lemberg (SL 6331)
          LEMBERG LAW L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile: (203) 653-3424
          Attorneys for Plaintiff